

# UNITED STATES DISTRICT COURT
### *District of Rhode Island*

### CLERK'S CERTIFICATE AND APPELLATE COVER SHEET
### ABBREVIATED ELECTRONIC RECORD

| Case Information |
|---|

Case Caption: **O'Neil**         vs. **Neronha et al**

District Court Number: 1:23-cv-00070-WES-PAS          Presiding Judge: **Judge Smith**

Notice of Appeal filed by: **Plaintiff**          Notice of Appeal document number: **56**

Appeal from: **ECF 54 MEMORANDUM AND ORDER, ECF 55 JUDGMENT**

Other information:

Fee status: **Paid**          Pro se case:     Yes ☐     No ☑

Emergency or requires expedition: **No**     *If yes, reason:*

| Record Information |
|---|

Motions Pending      Yes ☐    No ☑
*If yes, document #*

Other record information:

Related case(s) on appeal:

| Certification |
|---|

I, Hanorah Tyer-Witek, Clerk of the United States District Court for the District of Rhode Island, do certify that the following annexed electronic documents constitute the abbreviated record on appeal in the above referenced case:

**HANORAH TYER-WITEK**
Clerk of Court

/s/Cherelle Hill
_____
Deputy Clerk

Date: **08/22/2025**

APPEAL

# U.S. District Court
## District of Rhode Island (Providence)
## CIVIL DOCKET FOR CASE #: 1:23−cv−00070−WES−PAS

O'Neil v. Neronha et al                                  Date Filed: 02/15/2023
Assigned to: District Judge William E. Smith           Date Terminated: 08/01/2025
Referred to: Magistrate Judge Patricia A. Sullivan     Jury Demand: Both
Demand: $7,500,000                                      Nature of Suit: 440 Civil Rights: Other
Cause: 28:1331 Fed. Question: Civil Rights Violation    Jurisdiction: Federal Question

**Plaintiff**

**Michael O'Neil**                    represented by    **Frank R. Saccoccio**
                                                        Saccoccio Law Office
                                                        928 Atwood Avenue
                                                        Johnston, RI 02919
                                                        401−944−1600
                                                        Fax: 401−942−8921
                                                        Email: Frank.CSLawOffice@gmail.com
                                                        *ATTORNEY TO BE NOTICED*

                                                        **Thomas W. Lyons , III**
                                                        Strauss, Factor, Laing & Lyons
                                                        One State Street
                                                        Suite 600
                                                        Providence, RI 02903
                                                        401−456−0700
                                                        Email: tlyons@straussfactor.com
                                                        *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Joseph Patton**                     represented by    **Frank R. Saccoccio**
                                                        (See above for address)
                                                        *ATTORNEY TO BE NOTICED*

                                                        **Thomas W. Lyons , III**
                                                        (See above for address)
                                                        *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Richard Cook**                      represented by    **Frank R. Saccoccio**
                                                        (See above for address)
                                                        *ATTORNEY TO BE NOTICED*

                                                        **Thomas W. Lyons , III**
                                                        (See above for address)
                                                        *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Daniel Patterson**                    represented by  **Frank R. Saccoccio**
                                        (See above for address)
                                        *ATTORNEY TO BE NOTICED*

                                        **Thomas W. Lyons , III**
                                        (See above for address)
                                        *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Peter Tremeentozzi**                  represented by  **Frank R. Saccoccio**
                                        (See above for address)
                                        *ATTORNEY TO BE NOTICED*

                                        **Thomas W. Lyons , III**
                                        (See above for address)
                                        *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Donald Labriole**                     represented by  **Frank R. Saccoccio**
                                        (See above for address)
                                        *ATTORNEY TO BE NOTICED*

                                        **Thomas W. Lyons , III**
                                        (See above for address)
                                        *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Richard Laporte**                     represented by  **Frank R. Saccoccio**
                                        (See above for address)
                                        *ATTORNEY TO BE NOTICED*

                                        **Thomas W. Lyons , III**
                                        (See above for address)
                                        *ATTORNEY TO BE NOTICED*


V.

**Defendant**

**Peter F. Neronha**                    represented by  **Samuel Ackerman**
                                        RI Department of Attorney General
                                        150 South Main Street
                                        Providence, RI 02903
                                        401−274−4400
                                        Email: sackerman@riag.ri.gov
                                        *TERMINATED: 07/27/2023*
                                        *LEAD ATTORNEY*
                                        *ATTORNEY TO BE NOTICED*

                                        **James J. Arguin**
                                        RI Department of Attorney General

150 South Main Street
Providence, RI 02903
401−274−4400
Email: jarguin@riag.ri.gov
*ATTORNEY TO BE NOTICED*

**Paul Timothy James Meosky**
RI Department of Attorney General
150 South Main Street
Providence, RI 02903
401−274−4400
Fax: 401−222−2995
Email: pmeosky@riag.ri.gov
*ATTORNEY TO BE NOTICED*

**Sarah Rice**
RI Department of Attorney General
150 South Main Street
Providence, RI 02903
401−274−4400
Email: srice@riag.ri.gov
*ATTORNEY TO BE NOTICED*

**Defendant**

| | | |
|---|---|---|
| **State of Rhode Island** | represented by | **Samuel Ackerman** |

(See above for address)
*TERMINATED: 07/27/2023*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**James J. Arguin**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Paul Timothy James Meosky**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Sarah Rice**
(See above for address)
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 02/15/2023 | 1 | COMPLAINT ( filing fee paid $ 402.00, receipt number ARIDC−1840767 ), filed by Michael O'Neil. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Exhibit, # 7 Exhibit, # 8 Exhibit)(Lyons, Thomas) (Entered: 02/15/2023) |
| 02/15/2023 | 2 | Civil Cover Sheet filed by Michael O'Neil. Regarding New Case: 1 Complaint, . (Lyons, Thomas) (Entered: 02/15/2023) |
| 02/15/2023 | | |

3

| | | Case assigned to District Judge William E. Smith and Magistrate Judge Patricia A. Sullivan. (Kenny, Meghan) (Entered: 02/15/2023) |
|---|---|---|
| 02/15/2023 | 3 | CASE OPENING NOTICE ISSUED (Kenny, Meghan) (Entered: 02/15/2023) |
| 02/20/2023 | 4 | NOTICE of Appearance by Frank R. Saccoccio on behalf of All Plaintiffs (Saccoccio, Frank) (Entered: 02/20/2023) |
| 03/02/2023 | 5 | NOTICE of Appearance by Samuel Ackerman on behalf of Peter F. Neronha, State of Rhode Island (Ackerman, Samuel) (Entered: 03/02/2023) |
| 03/03/2023 | 6 | WAIVER OF SERVICE Returned Executed by Michael O'Neil. Peter F. Neronha waiver sent on 2/22/2023, answer due 4/24/2023; State of Rhode Island waiver sent on 2/22/2023, answer due 4/24/2023. (Lyons, Thomas) (Entered: 03/03/2023) |
| 04/13/2023 | 7 | MOTION for Preliminary Injunction filed by Michael O'Neil. **Responses due by 4/27/2023.** (Attachments: # 1 Supporting Memorandum, # 2 Exhibit Exhibit I, RIAG 2022 Gun Report)(Lyons, Thomas) (Entered: 04/13/2023) |
| 04/21/2023 | 8 | NOTICE of Appearance by Sarah Rice on behalf of Peter F. Neronha, State of Rhode Island (Rice, Sarah) (Entered: 04/21/2023) |
| 04/24/2023 | 9 | MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM filed by Peter F. Neronha, State of Rhode Island. **Responses due by 5/8/2023.** (Ackerman, Samuel) (Entered: 04/24/2023) |
| 04/26/2023 | 10 | RESPONSE In Opposition to 7 MOTION for Preliminary Injunction *with supporting memorandum* filed by Peter F. Neronha, State of Rhode Island. **Replies due by 5/3/2023.** (Attachments: # 1 Supporting Memorandum)(Ackerman, Samuel) (Entered: 04/26/2023) |
| 04/26/2023 | | NOTICE of Hearing: Chambers Conference set for 5/1/2023 at 9:30 AM before District Judge William E. Smith. This is a non−public conference for attorneys of record only. (Zoom Meeting ID: 160 400 2062, Passcode: 622537) (Urizandi, Nissheneyra) (Entered: 04/26/2023) |
| 05/01/2023 | | Minute Entry for proceedings held before District Judge William E. Smith: Chambers Conference held on 5/1/2023. (T. Lyons, F. Saccoccio, S. Ackerman, S. Rice) The parties have agreed on a briefing schedule; clerk to enter. (Zoom at 9:40 AM) (Urizandi, Nissheneyra) (Entered: 05/02/2023) |
| 05/02/2023 | | TEXT ORDER: Per the chambers conference held on 5/1/2023, the response to the 9 Motion to Dismiss is due on 5/22/2023; Replies due 6/5/2023; Replies to the 7 Motion for Preliminary Injunction also due 6/5/2023. So Ordered by District Judge William E. Smith on 5/2/2023. (Urizandi, Nissheneyra) (Entered: 05/02/2023) |
| 05/22/2023 | 11 | RESPONSE In Opposition to 9 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM filed by Michael O'Neil. **Replies due by 5/30/2023.** (Attachments: # 1 Exhibit Exhibit J, New Hampshire CCW application, # 2 Exhibit Exhibit K, Massachusetts CCW application)(Lyons, Thomas) (Entered: 05/22/2023) |
| 06/01/2023 | 12 | REPLY to Response re 11 Response to Motion, filed by Peter F. Neronha, State of Rhode Island. (Ackerman, Samuel) (Entered: 06/01/2023) |
| 06/05/2023 | 13 | REPLY to Response re 10 Response to Motion, *for Preliminary Injunction* filed by Michael O'Neil. (Lyons, Thomas) (Entered: 06/05/2023) |

| 06/09/2023 | | NOTICE of Hearing on 9 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM, 7 MOTION for Preliminary Injunction: Hearing set for 6/22/2023 at 9:30 AM in Courtroom 3 before District Judge William E. Smith. (Urizandi, Nissheneyra) (Entered: 06/09/2023) |
| --- | --- | --- |
| 06/22/2023 | | Minute Entry for proceedings held before District Judge William E. Smith: Motion Hearing held on 6/22/2023 re 7 MOTION for Preliminary Injunction filed by Michael O'Neil, 9 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM filed by State of Rhode Island, Peter F. Neronha. (F. Saccoccio, T. Lyons, S. Rice, and S. Ackerman) Arguments heard. The Court takes the matter under advisement and will issue a ruling at a later time. (Court Reporter Lisa Schwam in Courtroom 3 at 9:35 AM) (Urizandi, Nissheneyra) (Entered: 06/22/2023) |
| 06/28/2023 | | TEXT ORDER: Before the Court are the State's Motion to Dismiss, ECF No. 9, and Plaintiff's Motion for Preliminary Injunction, ECF No. 7. For the following reasons, Plaintiff's 7 Motion is denied, and the State's 9 Motion is granted in part and denied in part; however, the Court will allow Plaintiff to amend his 1 Complaint to address the deficiencies discussed below. As currently pleaded, Plaintiff claims the State's dual−permitting system violates the Second Amendment in two ways that are harmful to him: first, that he may be impacted in his ability to obtain a permit from another state because of the Attorney General's denial of his application; and second, his municipal permit may lapse. These harms are speculative and lack the concrete and particularized character needed for standing. See Plazzi v. FedEx Ground Package Sys., Inc., 52 F.4th 1, 4 (2022). At the June 22, 2023, hearing on these Motions, however, Plaintiff appeared to refine his Second Amendment claim. Plaintiff claims now that the State's dual−permitting scheme violates his Second Amendment right to "open carry" both facially and as−applied. Because the Court agrees with the State that Plaintiff lacks standing based on the Complaint as drafted, see City of Los Angeles v. Lyons, 461 U.S. 95, 111 (1983), the Court gives Plaintiff leave to amend the Complaint to add the "open carry" allegation with specificity. <br><br>None of the State's remaining arguments convince the Court that dismissal is appropriate, however, except in one small respect (discussed below). With the anticipated amendment, the case will be ripe for adjudication. See Penobscot Nation v. Frey, 3 F.4th 484, 509 (1st Cir. 2021) (defining ripeness). The Rooker−Feldman doctrine has no application here where Plaintiff challenges the "statute or rule governing the decision," and is not trying to undo the adverse state court decision itself. Skinner v. Switzer, 562 U.S. 521, 532 (2011); Maymo−Melendez v. Alvarez−Ramirez, 364 F.3d 27, 34 (1st Cir. 2004). Nor does res judicata apply where there is no final judgment on the merits. See Weavers Cove Energy, LLC v. R.I. Coastal Res. Mgmt. Council, 583 F. Supp. 2d 259, 278 (D.R.I. 2008) (declining to apply res judicata because the administrative decisions were decided on procedural grounds and not on the merits); see also Fernandez v. Trias Monge, 586 F.2d 848, 857 (1st Cir. 1978) ("That denial of certiorari [by Supreme Court of Puerto Rico] imports no view on the merits is consistent with the United States Supreme Court's own practice."); Hughes Tool Co. v. Trans World Airlines, Inc., 409 U.S. 363, 411 (1973) (Burger, C.J., dissenting) ("[I]t is elementary, of course, that a denial of a petition for certiorari decides nothing."); id. at 366 n.1 ("[T]he well−settled view [is] that denial of certiorari imparts no implication or inference concerning the Courts view of the merits"). And none of the Pullman abstention factors presently leans in favor of abstaining here. Ford Motor Co. v. Meredith Motor Co., 257 F.3d 67, 71−73 (1st Cir. 2001) (listing factors). Finally, although not dispositive, the State is correct that Plaintiff cannot recover compensatory and punitive damages; this Court has consistently dismissed claims for |

| | | |
|---|---|---|
| | | monetary damages against state actors in their official capacities, see Rivera v. Coyne−Fague, No. CV 19−458−WES, 2021 WL 4476833, at *6 (D.R.I. Sept. 30, 2021); Jefferson v. Raimondo, C.A. No. 17−439 WES, 2018 WL 3873233, at *17 (D.R.I. Aug. 15, 2018), and nothing would appear to compel a different result here. So, if repleaded, this request for monetary damages would seem to be ripe for dismissal. With respect to Plaintiff's 7 Motion for a Preliminary Injunction, it is of course denied as moot. In the interest of expediency, once Plaintiff files his amended Complaint, and once the State answers within the requisite time, the Court will have a conference with counsel to craft an expedited schedule for an evidentiary hearing and briefing on Plaintiff's request for a preliminary and permanent injunction.<br>So Ordered by District Judge William E. Smith on 6/28/2023. (Urizandi, Nissheneyra) (Entered: 06/28/2023) |
| 07/19/2023 | 14 | AMENDED COMPLAINT against All Defendants, filed by Michael O'Neil. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Errata E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H)(Lyons, Thomas) (Entered: 07/19/2023) |
| 07/19/2023 | 15 | NOTICE by Peter F. Neronha, State of Rhode Island *Notice of Withdrawal of Appearance* (Ackerman, Samuel) (Entered: 07/19/2023) |
| 07/19/2023 | | NOTICE of Hearing: Chambers Conference set for 7/27/2023 at 11:30 AM by Zoom before District Judge William E. Smith. This is a non−public conference for attorneys of record only. (Zoom Meeting ID: 161 512 7154, Passcode: 268829) (Urizandi, Nissheneyra) (Entered: 07/19/2023) |
| 07/27/2023 | | NOTICE of Hearing: Chambers Conference rescheduled for 7/27/2023 at **11:00 AM** before District Judge William E. Smith. This is a non−public conference for attorneys of record only. (Zoom Meeting ID: 161 512 7154, Passcode: 268829) (Urizandi, Nissheneyra) (Entered: 07/27/2023) |
| 07/27/2023 | | Minute Entry for proceedings held before District Judge William E. Smith: In Chambers Conference held on 7/27/2023. (F. Saccoccio, T. Lyons, S. Rice) (Zoom at 11:05 a.m.) (Urizandi, Nissheneyra) (Entered: 07/31/2023) |
| 08/02/2023 | 16 | MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *in the Amended Complaint*, MOTION to Dismiss for Lack of Jurisdiction *over the Amended Complaint* filed by All Defendants. **Responses due by 8/16/2023.** (Attachments: # 1 Supporting Memorandum, # 2 Affidavit)(Rice, Sarah) (Entered: 08/02/2023) |
| 08/14/2023 | 17 | STIPULATION re 16 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *in the Amended Complaint* MOTION to Dismiss for Lack of Jurisdiction *over the Amended Complaint Enlarging Plaintiff's Time to Respond* filed by All Plaintiffs. (Lyons, Thomas) (Entered: 08/14/2023) |
| 09/01/2023 | 18 | RESPONSE In Opposition to 16 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *in the Amended Complaint* MOTION to Dismiss for Lack of Jurisdiction *over the Amended Complaint* filed by Michael O'Neil. **Replies due by 9/8/2023.** (Attachments: # 1 Exhibit Proposed Amended Complaint)(Lyons, Thomas) (Main Document 18 replaced on 9/28/2023) (Urizandi, Nissheneyra). (Entered: 09/01/2023) |
| 09/01/2023 | 19 | MOTION to Amend/Correct 14 Amended Complaint filed by Michael O'Neil. **Responses due by 9/15/2023.** (Attachments: # 1 Exhibit Proposed Amended Complaint, # 2 Supporting Memorandum)(Lyons, Thomas) (Entered: 09/01/2023) |
| 09/06/2023 | 20 | |

| | | |
|---|---|---|
| | | STIPULATION *for Enlargement of Time to Respond* filed by Peter F. Neronha, State of Rhode Island. (Rice, Sarah) (Entered: 09/06/2023) |
| 09/25/2023 | | TEXT ORDER granting Plaintiff's 19 Motion to Amend/Correct as unopposed and denying Defendants' 16 Motion to Dismiss as moot. Defendants may either answer or move to dismiss the Second Amended Complaint once it is docketed. So Ordered by District Judge William E. Smith on 9/25/2023. (Urizandi, Nissheneyra) (Entered: 09/25/2023) |
| 09/25/2023 | 21 | SECOND AMENDED COMPLAINT against Peter F. Neronha, State of Rhode Island, filed by Michael O'Neil, Joseph Patton, Richard Cook, Daniel Patterson, Peter Tremeentozzi, Donald Labriole, Richard Laporte. (Urizandi, Nissheneyra) (Entered: 09/25/2023) |
| 10/10/2023 | 22 | ANSWER to 21 Amended Complaint by Peter F. Neronha, State of Rhode Island.(Rice, Sarah) (Entered: 10/10/2023) |
| 10/23/2023 | | NOTICE of Hearing: Chambers Conference set for 11/1/2023 at 11:00 AM by Zoom before District Judge William E. Smith. This is a non−public conference for attorneys of record only. (Zoom Meeting ID: 160 078 3456, Passcode: 504275) (Urizandi, Nissheneyra) (Entered: 10/23/2023) |
| 11/01/2023 | | Minute Entry for proceedings held before District Judge William E. Smith: Status Conference held on 11/1/2023. (T. Lyons, S. Rice) Clerk to enter modified proposed order as discussed and set up a status conference in mid−May. (Zoom at 11:00 AM) (Urizandi, Nissheneyra) (Entered: 11/02/2023) |
| 11/02/2023 | 23 | PRETRIAL SCHEDULING ORDER: Amended Pleadings due by 12/29/2023; Joinder of Parties due by 12/29/2023; Factual Discovery to close by 2/29/2024; Plaintiff's Expert Disclosures shall be made by 3/29/2024; Defendants' Expert Disclosures shall be made by 4/29/2024; Expert Discovery to close by 5/29/2024; Dispositive Motions due by 6/28/2024 and Pretrial Memorandum due by 6/28/2023 or 30 days after a decision on any dispositive motion. So Ordered by District Judge William E. Smith on 11/2/2023. <br> Status Conference set for 5/16/2024 at 9:30 AM by Zoom before District Judge William E. Smith. This is a non−public conference for attorneys of record only. (Meeting ID: 160 816 0256, Passcode: 695006) (Urizandi, Nissheneyra) (Entered: 11/02/2023) |
| 02/23/2024 | 24 | NOTICE of Appearance by James J. Arguin on behalf of Peter F. Neronha, State of Rhode Island (Arguin, James) (Entered: 02/23/2024) |
| 02/28/2024 | 25 | Assented MOTION for Extension of Scheduling Order Deadlines filed by All Plaintiffs. **Responses due by 3/13/2024.** (Lyons, Thomas) (Entered: 02/28/2024) |
| 03/04/2024 | | TEXT ORDER granting 25 Motion for Extension of Scheduling Order Deadlines. Factual Discovery to close by 3/31/2024; Plaintiff Expert Disclosures shall be made by 4/30/2024; Defendant Expert Disclosures shall be made by 5/31/2024; Expert Discovery to close by 6/30/2024 Dispositive Motions due by 7/31/2024 and Pretrial Memorandum due by 7/31/2024. So Ordered by District Judge William E. Smith on 3/4/2024. (Urizandi, Nissheneyra) (Entered: 03/04/2024) |
| 04/26/2024 | 26 | Assented MOTION for Extension of Scheduling Order Deadlines filed by All Plaintiffs. **Responses due by 5/10/2024.** (Lyons, Thomas) (Entered: 04/26/2024) |
| 05/03/2024 | | |

| | | |
|---|---|---|
| | | TEXT ORDER granting 26 Motion for Extension of Scheduling Order Deadlines. Plaintiff's Expert Disclosures shall be made by 5/30/2024; Defendants' Expert Disclosures shall be made by 6/30/2024; Expert Discovery to close by 7/30/2024; Dispositive Motions due by 8/30/2024 and Pretrial Memorandum due by 8/30/2024. So Ordered by District Judge William E. Smith on 4/26/2024. (Urizandi, Nissheneyra) (Entered: 05/03/2024) |
| 05/13/2024 | | HEARING CANCELLED: The Status Conference previously scheduled for May 16, 2024 at 9:30 AM is hereby cancelled. (Urizandi, Nissheneyra) (Entered: 05/13/2024) |
| 06/27/2024 | 27 | DECLARATION *Spitzer−Report* by All Defendants. (Meosky, Paul) (Entered: 06/27/2024) |
| 06/27/2024 | 28 | DECLARATION *Rivas_FINAL* by All Defendants. (Meosky, Paul) (Entered: 06/27/2024) |
| 07/03/2024 | 29 | DECLARATION *supplemental* by Peter F. Neronha, State of Rhode Island. (Meosky, Paul) (Entered: 07/03/2024) |
| 07/08/2024 | 30 | Assented MOTION for Extension of Scheduling Order Deadlines filed by All Defendants. **Responses due by 7/22/2024.** (Arguin, James) (Entered: 07/08/2024) |
| 07/19/2024 | | TEXT ORDER granting 30 Motion for Extension of Scheduling Order Deadlines. Expert Discovery to close by 10/28/2024 and Dispositive Motions due by 11/29/2024. So Ordered by District Judge William E. Smith on 7/19/2024. (Urizandi, Nissheneyra) (Entered: 07/19/2024) |
| 11/27/2024 | 31 | MOTION for Summary Judgment filed by All Plaintiffs. **Responses due by 12/11/2024.** (Attachments: # 1 Supporting Memorandum)(Lyons, Thomas) (Entered: 11/27/2024) |
| 11/27/2024 | 32 | STATEMENT OF UNDISPUTED FACTS by All Plaintiffs re 31 MOTION for Summary Judgment . (Attachments: # 1 Exhibit Exhibit 1, # 2 Exhibit Exhibit 2, # 3 Exhibit Exhibit 3, # 4 Exhibit Exhibit 4, # 5 Exhibit Exhibit 5, # 6 Exhibit Exhibit 6, # 7 Exhibit Exhibit 7, # 8 Exhibit Exhibit 8, # 9 Exhibit Exhibit 9, # 10 Exhibit Exhibit 10, # 11 Exhibit Exhibit 11, # 12 Exhibit Exhibit 12, # 13 Exhibit Exhibit 13 Part 1 of 2, # 14 Exhibit Exhibit 13 Part 2 of 2, # 15 Exhibit Exhibit 14)(Lyons, Thomas) (Entered: 11/27/2024) |
| 11/27/2024 | 33 | MOTION in Limine filed by All Plaintiffs. **Responses due by 12/4/2024.** (Attachments: # 1 Supporting Memorandum, # 2 Exhibit Exhibit 1, # 3 Exhibit Exhibit 2, # 4 Exhibit Exhibit 3, # 5 Exhibit Exhibit 4)(Lyons, Thomas) (Entered: 11/27/2024) |
| 11/27/2024 | 34 | MOTION for Summary Judgment filed by All Defendants. **Responses due by 12/11/2024.** (Attachments: # 1 Supporting Memorandum, # 2 Affidavit, # 3 Affidavit, # 4 Appendix Exhibits to Spitzer Declaration)(Arguin, James) (Entered: 11/27/2024) |
| 11/27/2024 | 35 | STATEMENT OF UNDISPUTED FACTS by All Defendants re 34 MOTION for Summary Judgment . (Attachments: # 1 Appendix Exhibits A − HH)(Arguin, James) (Entered: 11/27/2024) |
| 12/02/2024 | 36 | NOTICE of Appearance by Paul Timothy James Meosky on behalf of Peter F. Neronha, State of Rhode Island (Meosky, Paul) (Entered: 12/02/2024) |
| 12/03/2024 | 37 | Joint MOTION for an Extension of Time to File Response/Reply as to 33 MOTION in Limine , 34 MOTION for Summary Judgment , 31 MOTION for Summary Judgment |

| | | filed by All Plaintiffs. **Responses due by 12/17/2024.** (Lyons, Thomas) (Entered: 12/03/2024) |
|---|---|---|
| 12/04/2024 | | TEXT ORDER granting 37 Motion for Extension of Time to File Response/Reply. **Responses due by 1/6/2025. Replies due by 1/26/2025.** So Ordered by District Judge William E. Smith on 12/4/2024. (Urizandi, Nissheneyra) (Entered: 12/04/2024) |
| 01/06/2025 | 38 | RESPONSE In Opposition to 31 MOTION for Summary Judgment filed by All Defendants. **Replies due by 1/13/2025.** (Attachments: # 1 Exhibit A (Cramer Book Excerpt))(Arguin, James) (Entered: 01/06/2025) |
| 01/06/2025 | 39 | RESPONSE In Opposition to 34 MOTION for Summary Judgment filed by All Plaintiffs. **Replies due by 1/13/2025.** (Lyons, Thomas) (Entered: 01/06/2025) |
| 01/06/2025 | 40 | STATEMENT OF DISPUTED FACTS by All Plaintiffs re 35 Statement of Undisputed Facts. (Lyons, Thomas) (Entered: 01/06/2025) |
| 01/06/2025 | 41 | STATEMENT OF UNDISPUTED FACTS by All Plaintiffs re 35 Statement of Undisputed Facts. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Exhibit, # 7 Exhibit, # 8 Exhibit, # 9 Exhibit, # 10 Exhibit)(Lyons, Thomas) (Entered: 01/06/2025) |
| 01/06/2025 | 42 | STATEMENT OF DISPUTED FACTS by All Defendants re 32 Statement of Undisputed Facts,,. (Attachments: # 1 Exhibit A Spitzer Depo Excerpt, # 2 Exhibit B Rivas Depo Excerpt)(Arguin, James) (Entered: 01/06/2025) |
| 01/06/2025 | 43 | RESPONSE In Opposition to 33 MOTION in Limine filed by All Defendants. **Replies due by 1/13/2025.** (Attachments: # 1 Exhibit A Cramer Depo Excerpt, # 2 Exhibit B Fowler Declaration, # 3 Exhibit C Spitzer Supplemental Declaration)(Arguin, James) (Entered: 01/06/2025) |
| 01/06/2025 | 44 | MOTION *FOR JUDICIAL NOTICE* filed by All Defendants. **Responses due by 1/21/2025.** (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15, # 16 Exhibit 16, # 17 Exhibit 17, # 18 Exhibit 18, # 19 Exhibit 19, # 20 Exhibit 20, # 21 Exhibit 21, # 22 Exhibit 22, # 23 Exhibit 23, # 24 Exhibit 24, # 25 Exhibit 25, # 26 Exhibit 26, # 27 Exhibit 27, # 28 Exhibit 28, # 29 Exhibit 29, # 30 Exhibit 30, # 31 Exhibit 31, # 32 Exhibit 32, # 33 Exhibit 33, # 34 Exhibit 34, # 35 Exhibit 35, # 36 Exhibit 36, # 37 Exhibit 37, # 38 Exhibit 38, # 39 Exhibit 39, # 40 Exhibit 40)(Arguin, James) (Entered: 01/06/2025) |
| 01/23/2025 | 45 | RESPONSE In Opposition to 44 MOTION *FOR JUDICIAL NOTICE* filed by All Plaintiffs. **Replies due by 1/30/2025.** (Lyons, Thomas) (Entered: 01/23/2025) |
| 01/23/2025 | 46 | REPLY to Response re 43 Response to Motion, *in Limine* filed by All Plaintiffs. (Lyons, Thomas) (Entered: 01/23/2025) |
| 01/27/2025 | 47 | REPLY to Response re 38 Response to Motion *for Summary Judgment* filed by All Plaintiffs. (Lyons, Thomas) (Entered: 01/27/2025) |
| 01/27/2025 | 48 | REPLY to Response re 39 Response to Motion *for Summary Judgment* filed by All Defendants. (Arguin, James) (Entered: 01/27/2025) |
| 01/27/2025 | 49 | STATEMENT OF DISPUTED FACTS by All Defendants re 40 Statement of Disputed Facts, 41 Statement of Undisputed Facts,. (Attachments: # 1 Exhibit A (Troiano |

| | | Deposition Excerpts)(Arguin, James) (Entered: 01/27/2025) |
|---|---|---|
| 01/27/2025 | 50 | MOTION to Strike *the Supplemental Declaration of Plaintiffs' Expert Clayton Cramer* filed by All Defendants. **Responses due by 2/10/2025.** (Arguin, James) (Entered: 01/27/2025) |
| 01/28/2025 | 51 | REPLY to Response re 45 Response to Motion *for Judicial Notice* filed by All Defendants. (Arguin, James) (Entered: 01/28/2025) |
| 02/05/2025 | 52 | RESPONSE In Opposition to 50 MOTION to Strike *the Supplemental Declaration of Plaintiffs' Expert Clayton Cramer* filed by All Plaintiffs. **Replies due by 2/12/2025.** (Attachments: # 1 Exhibit)(Lyons, Thomas) (Entered: 02/05/2025) |
| 02/11/2025 | 53 | REPLY to Response re 52 Response to Motion, *to Strike the Supplemental Declaration of Plaintiffs' Expert Clayton Cramer* filed by All Defendants. (Arguin, James) (Entered: 02/11/2025) |
| 08/01/2025 | 54 | MEMORANDUM AND ORDER granting 34 Defendants' Motion for Summary Judgment and denying 31 Plaintiffs' Motion for Summary Judgment; 33 Plaintiffs' Motion in Limine; 44 Defendants' Motion for Judicial Notice; and 50 Defendants' Motion to Strike. So Ordered by Senior Judge William E. Smith on 8/1/2025. (Simoncelli, Michael) (Entered: 08/01/2025) |
| 08/01/2025 | 55 | JUDGMENT in favor of State of Rhode Island, Peter F. Neronha against Daniel Patterson, Donald Labriole, Joseph Patton, Michael O'Neil, Peter Tremeentozzi, Richard Cook, Richard Laporte. So Ordered by Clerk of Court on 8/1/2025. (Simoncelli, Michael) (Entered: 08/01/2025) |
| 08/22/2025 | 56 | NOTICE OF APPEAL by Richard Cook, Donald Labriole, Richard Laporte, Michael O'Neil, Daniel Patterson, Joseph Patton, Peter Tremeentozzi as to 55 Judgment, 54 Order on Motion for Summary Judgment,, Order on Motion in Limine,,,, Order on Motion for Miscellaneous Relief,, Order on Motion to Strike, ( filing fee paid $ 605.00, receipt number ARIDC−2175255 )<br><br>**NOTICE TO COUNSEL: Counsel should register for a First Circuit CM/ECF Appellate Filer Account at http://pacer.psc.uscourts.gov/cmecf/. Counsel should also review the First Circuit requirements for electronic filing by visiting the CM/ECF Information section at http://www.ca1.uscourts.gov/cmecf** Appeal Record due by 8/29/2025. (Lyons, Thomas) (Entered: 08/22/2025) |

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

Michael O'Neil, et al.
_____

Plaintiff

v.

Peter F. Neronha, et al.
_____

Defendant

Case No. 23-070
_____

## NOTICE OF APPEAL

Notice is hereby given that Michael O'Neil, et al.
_____ ,
                                                Name

the Plaintiffs _____ in the above-referenced matter, hereby appeals to the United States
        Party Type

Court of Appeals for the First Circuit from the:

☑ Final judgment entered on August 1, 2025 .
                           _____
                              Date of Judgment

and/or

☑ The order Memorandum and Order _____ entered on August 1, 2025
           _____              _____
              Description of Order                   Date of Order

Thomas W. Lyons
_____
Name

2946
_____
Bar Number

Strauss, Factor, Laing & Lyons
_____
Firm/Agency

One State Street, Ste. 600
_____
Address

Providence, RI 02908
_____
City/State/Zip Code

Respectfully submitted,

_____
Signature

August 22, 2025
_____
Date

401-456-0700
_____
Telephone Number

tlyons@straussfactor.com
_____
Email Address

[Reset Form]　　　　　[Print Form]　　　　　[Save Form]

11

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

_____
                                        )
MICHAEL P. O'NEIL, et al.,              )
                                        )
          Plaintiffs,                   )
                                        )
     v.                                 )    C.A. No. 23-070 WES
                                        )
PETER F. NERONHA, et al.,               )
                                        )
          Defendants.                   )
_____)

### MEMORANDUM AND ORDER

WILLIAM E. SMITH, Senior District Judge.

This is a case about the scope of the Second Amendment, in which Plaintiffs sue the State of Rhode Island and its Attorney General ("AG") for denying them permits to openly carry a handgun in public. Pending before the Court are the parties' cross motions for summary judgment, and three related evidentiary motions. The Court has determined that no hearing is needed. For the reasons explained below, the Court GRANTS Defendants' Motion for Summary Judgment, Dkt. No. 34; and DENIES (1) Plaintiffs' Motion for Summary Judgment, Dkt. No. 31, (2) Plaintiffs' Motion in Limine, Dkt. No. 33, (3) Defendants' Motion for Judicial Notice, Dkt. No. 44, and (4) Defendants' Motion to Strike, Dkt. No. 50.

## I. BACKGROUND

The Rhode Island Firearms Act, R.I. Gen. Laws §§ 11-47-1 to -64, "regulate[s] the possession and use of an array of weapons,

12

including pistols, rifles and other deadly weapons." Mosby v. Devine, 851 A.2d 1031, 1045 (R.I. 2004). "The purpose of the Firearms Act is 'to prevent criminals and certain other persons from acquiring firearms generally and handguns in particular without at the same time making unduly difficult such acquisition for other members of society.'" Id. at 1050 (quoting State v. Storms, 308 A.2d 463, 466 (R.I. 1973)). In general, it requires a permit to publicly carry a handgun. R.I. Gen. Laws § 11-47-8.

To obtain a handgun permit, the Act establishes "[t]wo separate and distinct licensing procedures." Mosby, 851 A.2d at 1047. The first, set out in § 11-47-11, "is mandatory – an applicant who meets the criteria set forth in § 11-47-11 is entitled to a gun permit." Id. Local officials issue these permits and are limited to issuing only concealed carry permits ("restricted permits"). R.I. Gen. Laws § 11-47-11.

The second procedure, detailed in § 11-47-18, "provides for the discretionary grant of a firearms license by the [AG] 'upon a proper showing of need.'" Mosby, 851 A.2d at 1047 (quoting R.I. Gen. Laws § 11-47-18). These discretionary permits authorize both open and concealed carry ("unrestricted permits"). R.I. Gen. Laws § 11-47-18. Under Rhode Island law, permits of this nature are a privilege and there is no constitutionally protected liberty interest in obtaining one. Mosby, 851 A.2d at 1048-49.

Neither § 11-47-18 nor any other section of the Act defines

2

the term "proper showing of need," but the AG has issued policy guidance with a non-exclusive list of factors that he considers. Defs.' Statement Undisputed Facts ("DSUF") ¶¶ 2, 4, Dkt. No. 35. But the AG retains "discretion to refuse a license even if a person makes 'a proper showing of need.'"   Mosby, 851 A.2d at 1048. Although this discretion is broad, it is not unlimited; the AG "must adhere to minimum procedural requirements when rejecting an application." Id. at 1051.  "A rejected applicant is entitled to know the evidence upon which the [AG] based [his] decision and the rationale for the denial." Id.  The AG's decision is also subject to judicial review for legal error.  Id.

*   *   *

Plaintiffs in this case are seven residents and citizens of Rhode Island.  2d Am. Verified Compl. ("Operative Compl.") ¶¶ 1-7, Dkt. No. 21.  Each possesses a restricted permit.  Pls.' Statement Undisputed Facts ("PSUF") ¶¶ 4-5, Dkt. No. 32.  And each previously possessed an additional unrestricted permit.  Id. ¶ 4. But in 2021, the AG denied all their renewal applications for these unrestricted permits, finding that they did not need them because they already had restricted permits.  Id. ¶ 7.  Plaintiffs appealed their application denials and, following a hearing, the AG again denied their renewal applications.  Pls.' Additional Statement Undisputed Facts ("PSAUF") ¶¶ 5, 7, Dkt. No. 41.

3

**C. Procedural History**

Plaintiffs filed this lawsuit in February 2023. See generally Compl., Dkt. No. 1. Their Operative Complaint has two counts. In Count I, they allege that Defendants are liable under 42 U.S.C. § 1983 because the denial of their unrestricted permit applications violated their Second Amendment rights. Operative Compl. ¶¶ 57-75. And in Count II, they state two separate claims. First, they allege that Defendants are liable under § 1983 because the denial of their applications violated their Fourteenth Amendment due process rights. Id. ¶¶ 76-82. Second, they claim that the denial violated their due process rights under Article 1, § 2 of the Rhode Island Constitution. Id. Plaintiffs challenge the Firearms Act's permitting structure only to the extent that Defendants applied it to deny them unrestricted permits. Pls.' Obj. Defs.' Mot. ("Pls.' Obj.") 2, Dkt. No. 39.

For relief, Plaintiffs ask the Court for an order (1) enjoining Defendants to issue unrestricted permits to Plaintiffs; (2) declaring that § 11-47-18 of the Act violates the Second Amendment insofar as it requires a "proper showing of need"; (3) declaring that the process for obtaining an unrestricted permit violates the due process guarantees of the Fourteenth Amendment and Article 1, § 2 of the Rhode Island Constitution; and (4) awarding Plaintiffs costs of this lawsuit. Operative Compl. 14.

Plaintiffs and Defendants cross move for summary judgment.

See generally Pls.' Mot. Summ. J. ("Pls.' Mot."), Dkt. No. 31; Defs.' Mot. Summ. J. ("Defs.' Mot."), Dkt. No. 34.

## II. LEGAL STANDARD

The Court must grant summary judgment to either party if they show "that there is no genuine dispute as to any material fact and [they are] entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[A] dispute is genuine when the evidence is such 'that a reasonable jury could resolve the point in favor of the nonmoving party.'" Quintana-Dieppa v. Dep't of the Army, 130 F.4th 1, 7 (1st Cir. 2025) (quoting Doe v. Trs. of Bos. Coll., 892 F.3d 67, 79 (1st Cir. 2018)). A fact is material when it has "the 'potential to affect the outcome of the suit under the applicable law.'" Id. (quoting Cherkaoui v. City of Quincy, 877 F.3d 14, 23 (1st Cir. 2017)).

The Court must view "'the entire record in the light most hospitable to the [nonmoving party],'" drawing "'all reasonable inferences in that party's favor.'" Id. (quoting McCarthy v. Nw. Airlines, Inc., 56 F.3d 313, 315 (1st Cir. 1995)). But it shall not rely on "'conclusory allegations, improbable inferences, [or] unsupported speculation.'" Id. (alteration in original) (quoting Medina-Munoz v. R.J. Reynolds Tobacco Co., 896 F.2d 5, 8 (1st Cir. 1990)).

## III. DISCUSSION

Applying this standard to the applicable law and facts, the

Court finds that Defendants are entitled to summary judgment on Counts I and II.

## A. Count I: Section 1983 Second Amendment Claim

The Court begins with Count I, Plaintiffs' § 1983 Second Amendment claim. Plaintiffs move for summary judgment, arguing that they "have a constitutional right to engage in open carry of firearms," which cannot be lawfully conditioned upon their ability to show sufficient "need." Pls.' Mem. Supp. Pls.' Mot. ("Pls.' Mem.") 17, 29, Dkt. No. 31-1. Defendants also move for summary judgment, contending that the Act's permitting structure – as applied to Plaintiffs – satisfies the Second Amendment because it provides Plaintiffs the right to concealed carry. Defs.' Mem. Reasons Supp. Defs.' Mot. ("Defs.' Mem.") 17, Dkt. No. 34-1.

Under the Second Amendment, "[a] well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." U.S. Const. amend. II. The Supreme Court has held that this provision "confer[s] an individual right to keep and bear arms," District of Columbia v. Heller, 554 U.S. 570, 595 (2008); and further that the term "bear Arms" includes "carrying handguns publicly," N.Y. State Rifle & Pistol Ass'n, Inc. v. Bruen, 597 U.S. 1, 32 (2022).

"To assess plaintiffs' claim that Rhode Island's [permitting structure] violates the Second Amendment," the Court must first "consider whether 'the Second Amendment's plain text covers' the

[plaintiffs' proposed conduct]." Ocean State Tactical, LLC v. Rhode Island, 95 F.4th 38, 43 (1st Cir. 2024) (quoting Bruen, 597 U.S. at 17). "If it does, [the Court] then consider[s] whether Rhode Island's [permitting structure] is 'consistent with this Nation's historical tradition of firearm regulation' and thus permissible under the Second Amendment." Id. (quoting Bruen, 597 U.S. at 17).

The parties disagree as to the threshold question of whether the text of the Second Amendment covers open public carry of firearms. Pls.' Mem. 17-29; Defs.' Mem. 19-22. And while Bruen held that the Second Amendment's plain text protects "carrying handguns publicly for self-defense," 597 U.S. at 32, it did not go so far as to declare that the text requires open carry. See Baird v. Bonta, 709 F. Supp. 3d 1091, 1125 (E.D. Cal. 2023).

But the Court need not dive too deeply into this question because, even assuming the text covers open carry, Defendants' application of the Firearms Act to regulate Plaintiffs' manner of public carry is within the Nation's historical tradition of regulation. Plaintiffs' argument to the contrary is foreclosed by Bruen itself. There, the Supreme Court concluded that "[t]he historical evidence from antebellum America does demonstrate that the manner of public carry was subject to reasonable regulation." Bruen, 597 U.S. at 59. And it drew that conclusion, in part, from its finding that historically, "States could lawfully eliminate

7

one kind of public carry – concealed carry – so long as they left open the option to carry openly." Id. The Firearms Act, through its permitting structure, does just this, albeit in reverse: it regulates Plaintiffs' manner of public carry in that it limits their right to open carry but leaves unaffected their right to concealed carry.[1]

Plaintiffs make much of the fact that the Act's permitting structure reverses common historical regulations allowing open carry and limiting concealed carry. See Pls.' Mem. 17-29. But the Second Amendment is not "a law trapped in amber." United States v. Rahimi, 602 U.S. 680, 691 (2024). Per the Supreme Court's direction in Rahimi, "[a] court must ascertain whether the new law is 'relevantly similar' to laws that our tradition is understood to permit, 'apply[ing] faithfully the balance struck by the founding generation to modern circumstances.'" Id. at 692 (alteration in original) (quoting Bruen, 597 U.S. at 29). In doing

---

[1] The Court also notes that in Bruen, the Supreme Court counted forty-three states in which "authorities must issue concealed-carry licenses whenever applicants satisfy certain threshold requirements, without granting licensing officials discretion to deny licenses based on a perceived lack of need or suitability." 597 U.S. at 13. It included Rhode Island in this list. Id. at 13 n.1 (first citing R.I. Gen. Laws § 11-47-11; and then citing Gadomski v. Tavares, 113 A.3d 387, 392 (R.I. 2015)). Justice Kavanaugh, joined by Chief Justice Roberts, wrote separately "to underscore" the fact that "the Court's decision does not affect" these forty-three state permitting structures. Id. at 79 (Kavanaugh, J., concurring).

so, the Court concludes that Defendants' application of the Act's permitting structure to Plaintiffs is relevantly similar to historical regulations, and thus consistent with the Second Amendment.[2]

**B. Count II**

The Court now turns to Count II, in which Plaintiffs sue Defendants for allegedly violating their due process rights under (1) the Fourteenth Amendment (via § 1983) and (2) Article 1, § 2 of the Rhode Island Constitution.

**1. Section 1983 Fourteenth Amendment Due Process Claim**

Plaintiffs move for summary judgment on their § 1983 Fourteenth Amendment claim, arguing that § 11-47-18 is unconstitutionally "vague and overbroad," insofar as it requires them to make a "proper showing of need." Pls.' Mem. 32-37. Defendants also seek summary judgment, claiming that Plaintiffs (1) do not have a protected liberty or property interest in an unrestricted permit, Defs.' Mem. 39-40, and (2) even if they do, "the statutory procedures relating to the [AG's] denial of their § 11-47-18 applications" were sufficient, id. at 41.

---

[2]  The Court's decision rests on the binding precedent set by the Supreme Court in Bruen, 597 U.S. 1, and Rahimi, 602 U.S. 680. Thus, the Court need not undertake its own review of historical laws regulating the public carry of firearms. For that reason, the parties' evidentiary motions are not material to its decision. See Pls.' Mot. Limine, Dkt. No. 33; Defs.' Mot. Judicial Notice, Dkt. No. 44; Defs.' Mot. Strike, Dkt. No. 50.

The parties' arguments seem to reflect a lack of shared understanding as to the nature of Plaintiffs' due process challenge. Plaintiffs, in their Operative Complaint, appeared to frame their lawsuit as making procedural due process, vagueness, and overbreadth challenges. Operative Compl. ¶¶ 77-82. Further, Plaintiffs initially appeared to raise both as-applied and facial challenges to the Firearms Act's permitting structure. Id. ¶¶ 80-81.

But Plaintiffs' responsive briefing to Defendants' Motion resolves at least some of this confusion, clarifying that they are not attempting to make a procedural due process challenge or a facial challenge. Pls.' Obj. 2. Rather, they raise only "an as-applied challenge" to Defendants' denial of their unrestricted permit applications for being allegedly "unconstitutionally vague and overbroad." Id.

Plaintiffs' vagueness challenge falls short. "The vagueness inquiry . . . incorporates two basic concerns: 1) concerns about fair notice, and about the related danger of chilling expression, and 2) concerns about excessive discretion being invested in administering and enforcing officials." Ridley v. Mass. Bay Transp. Auth., 390 F.3d 65, 93 (1st Cir. 2004) (collecting cases). The first concern "classically arises where the government imposes criminal sanctions for conduct or speech." Id. at 94. "And the concern over subjective decision making has most effect in

10

government licensing schemes." Id.

Plaintiffs argue that neither § 11-47-18 nor the AG's policy guidance sufficiently defines the phrase "proper showing of need." Pls.' Obj. 29. They also say that Defendants' denial of their unrestricted permit applications was "arbitrary and capricious." Id. These claims clearly implicate the vagueness doctrine's concern with vesting excessive discretion to government officials.

As an initial matter, it is not clear that the void for vagueness doctrine applies to permit denials such as those at issue in this case. To the Court's knowledge, its application to permitting procedures has only occurred in the First Amendment context. See Ridley, 390 F.3d at 93-95 (collecting cases).

But even assuming the vagueness doctrine applies to a permitting scheme in the Second Amendment context, the AG's application of § 11-47-18 survives scrutiny. The Court agrees that the phrase "proper showing of need" in § 11-47-18, "if read in a vacuum, might be problematic." URI Student Senate v. Town of Narragansett, 631 F.3d 1, 14 (1st Cir. 2011). But the phrase here does not occur in a vacuum. Rather, the AG provides policy guidance interpreting the phrase. DSUF Ex. A, at 3-5, Dkt. No. 35-1. And further, the Rhode Island Supreme Court has construed the phrase to find that, in exercising his discretion, the AG is "a finder of fact, not a master of puppets." Mosby, 851 A.2d at 1050. Indeed, the Mosby court went out of its way to explain that:

> As a matter of policy, this Court will not countenance any system of permitting under the Firearms Act that would be committed to the unfettered discretion of an executive agency. Although the court's authority to review the decision is limited, it is not nonexistent. One does not need to be an expert in American history to understand the fault inherent in a gun-permitting system that would allow a licensing body carte blanche authority to decide who is worthy of carrying a concealed weapon. The constitutional right to bear arms would be illusory, of course, if it could be abrogated entirely on the basis of an unreviewable unrestricted licensing scheme. Such review is available through a common-law writ of certiorari.

Id. at 1050-51. And to facilitate judicial review, the Mosby court held that "the [AG] must adhere to minimum procedural requirements when rejecting an application filed under § 11-47-18," including informing a denied permit applicant of "the evidence upon which the department based its decision and the rationale for the denial." Id. at 1051.

Considering that, in Rhode Island, an unrestricted license is a privilege and not a right, these interpretive safeguards add clarity to the statute and do not mean that the law is impermissibly vague. See Ridley, 390 F.3d at 94-95 (collecting cases showing that "[e]xcessive discretion and vagueness inquiries . . . are not static inquiries, impervious to context"); see also Shuttlesworth v. City of Birmingham, 394 U.S. 147, 155 (1969) (accepting that a state Supreme Court may construe a discretionary permitting provision in a manner that satisfies due process).

Plaintiffs' overbreadth challenge fares no better. "The

overbreadth doctrine is 'a . . . type of facial challenge,' under which a law may be invalidated under the First Amendment 'as overbroad if a substantial number of its applications are unconstitutional, judged in relation to the statute's plainly legitimate sweep.'" Hightower v. City of Boston, 693 F.3d 61, 81 (1st Cir. 2012) (quoting United States v. Stevens, 559 U.S. 460, 473 (2010)) (internal quotation marks omitted).  In harmony with these principles, the First Circuit has explicitly held that there is no overbreadth challenge in the context of the Second Amendment. Id. at 82-83 (collecting cases).  True, Plaintiffs say that their claim is an as-applied challenge, and Hightower dealt with a facial challenge.  Id.  But to the extent, if any, that an overbreadth challenge exists on an as-applied basis, the Court sees no reason why it would apply in the Second Amendment context.

### 2. Rhode Island Constitutional Due Process Claim

Defendants ask for summary judgment on Plaintiffs' Article 1, § 2 due process claim.  They argue that the claim fails "because no direct cause of action exists [to enforce it] under the state constitution."  Defs.' Mem. 43.  While the Court does not necessarily agree with that proposition, Defendants are entitled to summary judgment nonetheless.

Article 1, § 2 states in relevant part: "No person shall be deprived of life, libery or property without due process of law . . . ."  R.I. Const. art. 1, § 2.  This provision provides due

13

process protections similar to those provided by the Fourteenth
Amendment. See Doe v. Brown Univ., 253 A.3d 389, 399 (R.I. 2021).
But Rhode Island law does not provide a separate, private cause of
action to enforce this provision, as federal law does to enforce
the Fourteenth Amendment via § 1983.

The Rhode Island Supreme Court has held that Article 1, § 2
does not create a private cause of action for money damages. Doe,
253 A.3d at 401. But as Plaintiffs note, this case differs from
Doe because they seek equitable relief and not damages. Pls.'
Obj. 34. And they cite numerous cases which appear to show that
Rhode Island case law places no bar to constitutional claims
seeking equitable relief. Id. at 31-32 (collecting cases); see,
e.g., Moreau v. Flanders, 15 A.3d 565, 574, 581-82 (R.I. 2011)
(finding plaintiffs had standing to raise constitutional claims to
state action, including an Article 1, § 2 claim, in a case where
plaintiffs sought declaratory and injunctive relief).

But interesting as the issue may be, whether Plaintiffs have
the right to sue on the state constitutional claim is little more
than academic: Because Plaintiffs' claim here mirrors their § 1983
Fourteenth Amendment claim, it fails on the merits for the same
reasons discussed above.

**IV. CONCLUSION**

For the reasons explained above, Defendants are entitled to
summary judgment on Counts I and II of Plaintiffs' Operative

Complaint.  Accordingly, the Court GRANTS Defendants' Motion for Summary Judgment, Dkt. No. 34; and DENIES (1) Plaintiffs' Motion for Summary Judgment, Dkt. No. 31, (2) Plaintiffs' Motion in Limine, Dkt. No. 33, (3) Defendants' Motion for Judicial Notice, Dkt. No. 44, and (4) Defendants' Motion to Strike, Dkt. No. 50.


IT IS SO ORDERED.

_____
William E. Smith
Senior District Judge
Date: August 1, 2025

UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF RHODE ISLAND


MICHAEL O'NEIL, ET AL.

      Plaintiffs,

      v.                      1:23-cv-00070-WES

PETER F. NERONHA, ET AL.

      Defendants.

## JUDGMENT

This action came to be heard before the Court and a decision has been rendered. Upon consideration whereof, it is now hereby ordered, adjudged, and decreed as follows:

Pursuant to this Court's Memorandum and Order entered on August 1, 2025, and in accordance with Fed. R. Civ. P. 58, judgment is entered in favor of the Defendants Peter F. Neronha, et al. and against Plaintiffs Michael O'Neil, et al.

<u>It is so ordered</u>.


August 1, 2025           By the Court:

                             <u>/s/ Hanorah Tyer-Witek</u>
                             Clerk of Court